ETHEL C. BURMEISTER, complainant,

*v.*

FREDERICK H. BURMEISTER, defendant.

[Submitted October 9th, 1923.   Decided October 31st, 1923.]

1. A writ of sequestration binds from the time of awarding a commission and not from the time of executing it.

2. Where, after final decree on an uncontested bill for maintenance, a writ of sequestration was issued and served the next day on the executors and trustees of an estate in which the defendant had an interest, the payment of which was postponed in part until the testator's daughter attained her majority, and in part during the lifetime of the testator's widow, and later after the happening of those two events the sequestrator collected a sum of money, the writ of sequestration takes precedence over an undisclosed assignment of part of the fund, and over two judgments on which no execution was issued or levy made.

On petition, &c.

*Mr. George W. Flaacke,* for the complainant.

*Mr. William F. Nies,* for the petitioning creditor.

FOSTER, V. C.

On November 22d, 1916, complainant filed her bill against her husband, the defendant, for separate maintenance, under the statute. The action was uncontested. The defendant disappeared in 1915 and has never returned to the state. A final decree for complainant was entered on August 27th, 1917, by which it was provided that from defendant's estate ·

property and effects and the rents, issues and profits thereof, which had been sequestered, there should be paid to complainant for the support and maintenance of herself and the two infant children of the marriage the sum of $25 weekly, to commence on November 22d, 1916, the date of filing her bill, and to continue until this court should otherwise order.

On November 28th, 1916, a writ of sequestration was duly issued in the cause, directed to Frank W. Hastings, Esq., one of the masters of the court, for the immediate sequestration of the estate, property and effects of the defendant within the state, and the rents, issues and profits thereof.

Prior to the issuance of the writ, Charles H. Burmeister, the father of defendant, had died testate on July 11th, 1913, leaving a widow and four children, including the defendant, and William H. Assenbeck and Walter Montford were appointed and qualified as the executors and trustees of his estate. By the terms of his father's will defendant was bequeathed a share of the estate, but the payment of this share was postponed in part until testator's daughter attained her majority and in part during the lifetime of testator's widow, and at the date the writ of sequestration was issued defendant had no property in this state except this interest in his father's estate.

On November 29th, 1916, the sequestrator executed the writ by serving it upon the executors and trustees of the estate of Charles H. Burmeister, deceased, and as he made return "covering the share or interest of the defendant, Frederick H. Burmeister, in the estate of said Charles H. Burmeister."

The daughter of testator attained her majority some two or three years ago and his widow died during the present year. Under date of September 13th, 1923, the sequestrator reported that there had been paid to him on the final settlement of the estate, in settlement of defendant's share or interest therein, $7,848.19.

No part of the allowance granted complainant by the terms of the final decree has been paid, and there is now due her thereunder over $9,100, besides interest and costs, or an

excess of over $1,800 above the amount realized from the sequestration. Payment to complainant of the full amount thus realized is resisted by the petitioner, Anna E. Assenbeck, as executrix and sole legatee of William H. Assenbeck, who died on September 24th, 1918, on the following grounds set forth in her petition filed herein on July 24th, 1923: William H. Assenbeck was one of the executors of Charles H. Burmeister; on July 2d, 1915, the defendant, Frederick H. Burmeister, was indebted to Mr. Assenbeck in the sum of $1,198, and to secure the payment of this debt defendant on that date assigned to Mr. Assenbeck such an interest in his father's estate as would equal the amount of this debt, together with interest, to the date of its payment, and he directed the executors of his father's estate to pay this amount to Mr. Assenbeck.

On November 21st, 1916, the day before complainant's bill was filed, but with knowledge that she contemplated bringing such an action, for she inquired of him about defendant's residence, Mr. Assenbeck recovered two judgments, without contest, against the defendant in the district court of Hudson county, one for $222.45 and the other for $397.83.

Neither the petition nor the affidavit filed in support of it show that Walter Montford, the other executor and trustee of Charles H. Burmeister's estate, ever had notice of the assignment made by the defendant to Mr. Assenbeck, or of the judgments mentioned, and the petition and affidavits further fail to show that any effort was made by execution and levy, or otherwise, to collect the amount of these judgments, or the amount due on the assignment.

At the time this assignment was executed and these judgments obtained, it appears (from the references to the will given in the briefs of counsel, the only information I have on the subject) that the first distribution of any part of the estate in excess of $25,000 was postponed until defendant's sister arrived at the age of twenty-one years, which she did some time after the date of the assignment and the entry of the judgments, and that final distribution was postponed until the death of testator's widow, which occurred this year.

The contention on behalf of the petitioner on these facts is, that as the assignment was executed and as both judgments were obtained prior to the issuance of the writ of sequestration, they take priority over the sequestration and must be first paid, with interest, before anything can be paid complainant on the amount due her under the final decree.

An assignment of such a partial interest has no validity in law, but is sometimes recognized, as a matter of equity, and if it were merely equitable rights between the parties that were now presented for determination, such consideration might be given this assignment. The facts, however, do not require any such consideration, for while Mr. Assenbeck individually, as assignor, of course, knew of the assignment before the writ of sequestration issued, his co-executor had no notice of it, and, so far as the record discloses, the representatives of the estate, as such, never knew of the assignment, nor of the judgments, nor of any effort to collect or to levy on, or to secure a lien for any or all of them, on defendant's interest in the estate, although Mr. Mountford continued to act as an executor and as surviving executor after Mr. Assenbeck's death in 1918, until he died in July, 1922. These facts present no equity that entitles petitioner to the payment of the amount due on the assignment prior to the payment of the amount due complainant.

Respecting the two judgments, as I have stated, no execution was ever issued, and no levy or other effort was ever made to collect them until the present time, and the mere fact that they were entered prior to the date when the writ of sequestration was issued and executed by service upon the executors, cannot give these judgments any priority over the rights of complainant.

The court of errors and appeals in *Wood* v. *Price, 79 N. J. Eq. 620,* affirming the chancellor's decision in the same case, *79 N. J. Eq. 1,* said: "The books say that a sequestration out of chancery is more effectual than an execution at law, and binds from the time of awarding a commission and not from the time of executing it." *1 Vern. 58.*

While the court further held that because the writ in that case antedated the deed in question, it was unnecessary for it to hold that sequestration binds before its execution. There is nothing in the opinion, nor in that of Chancellor Pitney's which it affirmed, to indicate that the court would not hold, if necessary to make the sequestration effective, that in accordance with the authorities the writ binds from the date of its issue, and not from the time of executing it. *Burdett* v. *Rockley, 1 Vern. 58; Dixon* v. *Rowe (W. N., 1876) 266; Ward* v. *Booth, L. R., 14 N. J. Eq. 195; Ex parte Nelson, 14 Chit. Desc. 41; Dan. Ch. Pl. & Pr (6th Am. ed₁) 1050,* *1057.* The writ in this case was executed by service upon both executors the day after it was issued. Both from the date it was issued, as well as from the date it was executed, the writ had priority over the undisclosed assignment and also over the mere entry of the district court judgments in favor of petitioner's testator. I will therefore advise that the petition be dismissed, and that the funds now in the hands of the sequestrator be paid to complainant on account of the amount due her under the final decree, less such allowances as may be made to the sequestrator and counsel.

Application for such allowances may be made on two days' notice.